# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| **ADOLPH HARPER, JR.,** | ) | **CASE NO.    5:14CR00096** |
| | ) | **5:15CV02247** |
| | ) | |
| **Petitioner,** | ) | **JUDGE JOHN R. ADAMS** |
| | ) | |
| **v.** | ) | |
| | ) | **MEMORANDUM OPINION** |
| **UNITED STATES OF AMERICA,** | ) | **AND ORDER** |
| | ) | |
| **Respondent.** | ) | **(Resolving Docs. 106 and 107)** |
| | ) | |

The instant matter is before the Court upon Petitioner Adolph Harper, Jr.'s "Edited/Corrected" Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed pursuant to 28 U.S.C. § 2255.[1]  Doc.107.  The motion is DENIED

## I. STANDARD OF REVIEW

"To prevail under 28 U.S.C. § 2255, a defendant must show a 'fundamental defect' in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Gall v. United States*, 21 F.3d 107, 109 (6th Cir. 1994).  A federal district court may grant relief to a prisoner in custody only if the petitioner can "demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003).

## II.    FACTS

Harper was a medical doctor practicing in the Akron, Ohio area for decades.  For 29 years, he practiced medicine in the field of obstetrics and gynecology.  In 2009, he transformed his office

---

[1] Harper originally filed *pro se* his §2255 motion on November 2, 2015.  Doc. 106.  Shortly thereafter, he filed an "Amended Edited/Corrected" motion under 28 U.S.C. §2255.  Doc. 107.  Since it appears that Harper intended the amended motion to substitute for the original motion, the Court considers the amended motion herein to resolve both motions.

into a pain management clinic. On March 25, 2014, Harper was included in a 134-count indictment, along with several employees from the clinic (including his daughter) for knowingly conspiring and agreeing to illegally distribute hundreds of thousands of doses of prescription painkillers to customers coming into the clinic and for engaging in a scheme to defraud healthcare benefit programs, such as Medicare and Medicaid.

Harper pled guilty to 21 counts within the indictment, including conspiracy to illegally distribute prescription pills, illegal distribution of prescription pills, and health care fraud. Doc. 54. The Court then sentenced Harper to 120 months of incarceration for each count in the plea agreement, to run concurrent. Doc. 95. The court ordered a special assessment of $2,100 and restitution in the amount of $417,346.14. Doc. 95. Harper has not filed an appeal in his case.

## III.    LAW AND ARGUMENT

Harper asserts 10 grounds for relief. Each ground is centered on a claim of ineffective assistance of counsel. The standard for ineffective assistance is a two-part test set forth by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). First, Harper must show that his counsel's performance was deficient. *Id.* at 687. Counsel must not merely have erred, but erred so "serious[ly] that counsel was not functioning as the 'counsel' guaranteed ... by the Sixth Amendment." *Id.*

Second, Harper must show that his counsel's deficient performance actually prejudiced his defense. *Id.* "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691. In the context of guilty pleas, to establish prejudice under *Strickland*, a defendant "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and instead would have insisted on going to trial." *Short v. United States*, 471 F.3d 686, 691-92 (6th Cir. 2006) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). "[T]he court should recognize that

2

counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690, 689 ("Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'").

Applying the principles of *Strickland* to the record before the Court, all grounds for relief are without merit.

**A. <u>First Ground for Relief</u>: Defense Counsel did not discuss the merits of the case with Harper in order to determine if a trial-by-jury would be more favorable than a plea agreement.**

In his first ground for relief, Harper contends that his lawyer was ineffective because his attorney allegedly did not "discuss the merits of the case" with him. Doc. 107-1 at 23. He then describes one instance in April of 2015 when he wanted to talk with his attorney about whether to go to trial and the attorney allegedly told him that "we did not need to discuss that now." Doc. 107-1. Six months later, Harper pled guilty and executed the plea agreement, initialing each page, including a recitation of the facts of the offense and the possible sentencing consequences. Doc. 54.

It is the Court's practice during the plea colloquy to ask the defendant if he has had adequate opportunity to discuss the case with his attorney. The Court will not proceed if the defendant indicates that he has not had sufficient opportunity to discuss the matter with his attorney. Harper did not tell the Court he wanted additional time to discuss the case with his lawyer. To the contrary, he indicated that he was satisfied with his attorney's representation and proceeded to plead guilty. Thus, Harper cannot show that his attorney's representation was deficient or that he was prejudiced by his counsel's performance. His first ground for relief is without merit.

3

**B. <u>Second Ground for Relief</u>:  Defense Counsel stated he would charge Harper a flat fee that would cover all representation in the case.**

**<u>Tenth Ground for Relief</u>:  Defendant Counsel told Harper that going to trial would cost additional money beyond the initial fee.**

Harper's second and tenth grounds for relief are related to the same issue of cost of representation.  In his second ground for relief, Harper merely states that his attorney charged him a flat fee of $15,000 for all representation but later, allegedly said that Harper would need to pay additional money if the matter proceeded to trial.  Doc. 107-1.  While Harper may describe a fee dispute, he does not articulate how this constituted an error in representation so deficient that his attorney was not acting as counsel guaranteed by the Sixth Amendment.  Nor does Harper articulate how he was prejudiced by the dispute.  His second and tenth grounds for relief are without merit.

**C. <u>Third Ground for Relief</u>:  Defense Counsel "never told [Harper] that he would have to perjure himself to accept the plea bargain."**

In his third ground for relief, Harper argues that he was forced to admit to certain crimes during the plea that he did not commit and that his attorney did not tell him he would have to do this.  Doc. 107-1.  Harper initially attempted to present a recitation of the facts that were deemed by the Government and this Court to be an incomplete acceptance of responsibility.  Harper later revised his recitation, but now claims that his lawyer drafted it and that he did not commit some of the crimes as set forth in his acceptance of responsibility.

It is the Court's practice at the plea colloquy to ask if the defendant is freely entering into the plea and whether anyone had attempted to force or coerce the defendant into the plea.  Again, if the defendant indicates that the plea is not voluntary, then the Court will halt the proceedings.  In this case, Harper denied being forced into the plea, and he acknowledged that he was freely entering into the plea agreement – this includes any recitation of the facts of the underlying crimes to which he was pleading guilty.  He initialed every page of the facts and the remainder of the plea

4

agreement.  As such, Harper cannot show that his attorney's representation was deficient or prejudiced him in any way.  This third ground for relief is without merit.

 D. <u>Fourth Ground for Relief</u>:  Defense Counsel did not depose anyone.

While Harper argues that his attorney was ineffective because he did not depose anyone, he fails to identify a specific person that should have been deposed or how their testimony would have impacted his case or his decision to enter into a plea agreement.  His fourth ground for relief is without merit.

 E. <u>Fifth Ground for Relief</u>:  Defense Counsel did not tell Harper "that he could possibly lose all of his worldly possessions if [Harper] accepted the plea."

 <u>Sixth Ground for Relief</u>:  Defense Counsel did not tell Harper that "if he accepted the plea bargain [and went] to prison, [Harper] would also have to pay restitution in addition to time spent in prison."

 <u>Eighth Ground for Relief</u>:  Defense Counsel did not discuss "the consequences of agreeing to a plea bargain."

 <u>Ninth Ground for Relief</u>:  Defense Counsel did not discuss the "lifelong consequences of the plea bargain."

Harper's fifth, sixth, eighth, and ninth grounds for relief allege that his counsel failed to inform him of certain consequences resulting from a plea agreement including, restitution, asset liens, a "life-long [sic] criminal record, the effect on his ability to secure employment after his release from prison, and the more severe consequences that could result if he is subsequently found guilty of a crime."  These arguments are without merit. The plea agreement sets forth the possible penalties resulting from a guilty plea, including incarceration, restitution, and a special assessment for each count.  Further, Harper does not argue that he would not have pled guilty if he had known the monetary consequences of his plea.  Instead, he was aware of the consequences of his plea as 1) he acknowledged by signing the agreement and initialing each page, and 2) as explained by the Court during the plea colloquy.  He confirmed his understanding of the consequences at the

5

colloquy and stated that he wanted the Court to accept his plea.  Therefore, his arguments have no merit.

      **F. <u>Seventh Ground for Relief</u>:  Defense Counsel "boasted about his experience in federal court…" but later acknowledged that "he had never won a federal case…."**

While Harper argues that his attorney boasted of his experience practicing in federal court, he seems to take issue that his lawyer allegedly stated that he had never "won a federal case."  The Court acknowledges that most criminal cases in federal court resolve prior to trial.  Thus, an attorney may be a very capable and experienced practitioner but may have little to no trial experience and therefore may not have "won" a federal case.  This statement about winning a case does not inform the Court as to counsel's effectiveness.  Furthermore, Harper does not state how his counsel's admission that he had not "won" a federal case constituted deficient representation or prejudiced him in any way.  This seventh ground for relief is without merit.

## IV. CONCLUSION

For the foregoing reasons, Petitioner Adolph Harper, Jr.'s Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody is hereby **DENIED.**

Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

      **IT IS SO ORDERED.**

Dated: January 12, 2017                      *<u>/s/ John R. Adams</u>*
                                               **JOHN R. ADAMS**
                                               **UNITED STATES DISTRICT JUDGE**